### G. C. HAMMETT v. THE STATE.

No. 4995. Decided June 5, 1918.

**Adultery—Habitual Carnal Intercourse—Corroboration.**

    Where, upon trial of adultery by habitual carnal intercourse, the testimony of the prosecutrix was not sufficiently corroborated, the conviction could not be sustained.

Appeal from the County Court of Callahan. Tried below before the Hon. W. R. Fly.

Appeal from a conviction of adultery by habitual carnal intercourse; penalty, a fine of two hundred and fifty dollars.

The opinion states the case.

*Otis Bowyer, M. C. Council,* and *J. R. Stubblefield,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction of adultery by appellant with Lillie Hirt. He was a married man; she an unmarried girl. The charge was that the offense was committed by his having habitual carnal intercourse with her without living together.

But one question needs to be stated or discussed, and that is whether the girl was corroborated or not. Under the law she was an accomplice and corroboration was necessary to a conviction.

The statement of facts appears to be but a brief statement of the testimony. It seems it is not a full statement of all the evidence. However, it is properly approved as a statement of facts and this court is bound thereby.

The proof clearly shows that appellant became a tenant of the girl's father about January 1, 1916; that he lived in a tenant house on Mr. Hirt's farm about two hundred yards from Mr. Hirt's house. The girl lived with her father. She was twenty years old at the time.

She swore that after appellant became a tenant of her father he was a frequent visitor at her father's house on business and in a friendly way. That she often met him there. That the first act of familiarity by him with her was in July when she came from Clyde in a buggy. That he was at Clyde having some plow points sharpened and that he got in the buggy and rode home with her. On the way home he kissed her. That the first act of intercourse he had with her was the last part of July. That he met her at the wood pile and they agreed to go to the barn and have sexual intercourse, and that they did so. She said she did not remember when the next act of intercourse took place, but that acts of sexual intercourse occurred between them two or three times a week after the first act until the 1st of September, when she went to Baird to school. That he did not have sexual intercourse with her any more after she went to school. That the acts of intercourse occurred when defendant would come to her room at night at her father's house. This was the substance of her testimony, except that she testified he took her to Granger about Christmas, introduced her there at the hotel as his wife and they occupied a bed together that night in the hotel.

There was in fact practically no corroboration of her by any witness or circumstance. Her father testified that appellant was his tenant from the 1st of January, 1916, living in a house two or three hundred yards from his own residence. That he furnished him tools and provisions to make a crop and said that defendant was frequently at his house on business and met his daughter Lillie there from time to time while she

· lived at his house; that he received him as a friend and thought he was a gentleman. That defendant was in the parlor with Lillie alone on several occasions. None of the father's testimony was sufficient to corroborate her as to any single act of intercourse or that he habitually had intercourse with her without living with her. The fact, if so, that appellant took the girl to Granger some four months after he had ceased having intercourse with her, and that he then and there introduced her as his wife and occupied the same bed with her that night was admissible as a circumstance, but it would be no such corroboration of habitual intercourse some four or five months before as required by law. At most, it would be evidence of the fact that he at that time had sexual intercourse with her.

It may be that on another trial in a full development of the testimony she may be corroborated, but we think the evidence in this case, as it is presented in this statement of facts, is insufficient to show corroboration and hence that the testimony was insufficient to sustain the conviction and on this ground the judgment will be reversed.

*Reversed and remanded.*